## Williams v. Williams

*Roger V. Wiest,* for plaintiff.
*J. Robert Zane,* for defendant.

KREHEL, *P.J.,* December 20, 1983—Before this court is defendant's motion for sanctions requesting that plaintiff be directed to comply with defendant's request for production and inspection which sought documentation from the Veterans' Administration and/or the United States Government setting forth the benefits plaintiff received recently for the years 1981, 1982, and 1983. Both parties have filed a memorandum of law and plaintiff has filed a reply to memorandum of law of defendant, all of which have been duly considered.

The narrow issue to be determined is whether plaintiff can be compelled to divulge the amount of veterans' benefits which he has been receiving.

Plaintiff argued that because veterans' benefits are excepted from marital property pursuant to 23 P.S. §401(e)(6), they are not relevant to any determination of the distribution of marital property or the allowance of alimony and are, therefore, not discoverable.

Defendant has argued that because 23 P.S. §§401(d) and 501(b) set forth a wide range of factors, including the sources of income and the property of each party, to be considered by a court in determining the equitable division of the marital property and the appropriate allowance of alimony, plaintiff's veterans' benefits are relevant to the unresolved issues of property disposition and alimony in this matter.

It is the opinion of this court that plaintiff's veterans' benefits are not relevant to disposition of mari-

tal property and the allowance of alimony in this matter. It does violence to reason for the legislature to have excepted veterans' benefits from marital property and to have intended simply to provide the spouse with a corresponding portion of the marital assets. Had the legislature intended such a result, there appears to be no purpose in excepting the veterans' benefits from the marital property in the first place. It appears that, instead, the legislature intended that the parties to a marital partnership that has been dissolved should equitably divide only that property which has been obtained or enhanced in value through their combined efforts.

Veterans' benefits attach uniquely to the veteran. They are derived solely from the veterans' individual service to his country. It appears that for this reason the legislature elected to except veteran's benefits from marital property. By analogy, it would not seem that the legislature would have intended an inconsistent result with respect to alimony whereby the *benefits derived through the singular efforts of the veteran in the armed services of his country would be diluted, dissipated, or lost, as the consequence of an unfortunate marital relationship.* (Emphasis supplied.)

Accordingly, the court concludes that the amount of plaintiff 's veterans' benefits is not relevant to the remaining issues of property disposition and alimony in this matter,* and enters the following

---

* With respect to defendant's argument that plaintiff failed to timely object to defendant's request for production and inspection, the court has decided to grant plaintiff additional time as authorized by Pa.R.C.P. 4009(2) and to accept plaintiff 's memorandum of law as his objections to defendant's request for production and inspection. Otherwise, there would be an additional expenditure of time and effort by the parties which the court concludes would serve no useful purpose toward finally resolving this matter.

## ORDER

And now, this December 20, 1983, it is hereby ordered, adjudged, and decreed that defendant's motion for sanctions requesting plaintiff be directed to comply with defendant's request for production and inspection be denied.